Diana Rhodes, #5-2734
Traci Rivinus, #6-3920
Rhodes Law Firm, LLC
2015 Warren Avenue
Cheyenne, WY 82001
Telephone: 307.634.4444
diana@drhodeslaw.com
traci@drhodeslaw.com

Sean J. Gamble, #41733
Richard H. Friedman, #30626
Ken Friedman, #17148
Friedman|Rubin
51 University Street, Suite 201
Seattle, WA 98101
Telephone: 206.501.4446
sgamble@friedmanrubin.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **BRIAN KEHLER** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case Number 15-CV-127-J |
| | ) |
| **BRIDGESTONE AMERICAS TIRE** | ) |
| **OPERATIONS, LLC, COMMERCIAL** | ) |
| **TIRE, INC., and JOHN DOE** | ) |
| **CORPORATIONS/ENTITIES 1-3** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S MOTION IN LIMINE REGARDING PLAINTIFF'S EXPERT, DENNIS CARLSON

Plaintiff, Brian Kehler, by and through his undersigned attorneys of record, hereby submits the following Motion *in limine* precluding Defendants from raising certain issues and allegations pertaining to Plaintiff's expert, Dennis Carlson, regarding his employment at

Page 1 of 11

Michelin and *Kumho Tire Company v. Carmichael*, 526 US 137, 119 S. Ct. 1167, 143 L .Ed. 2d 238 (1999). In support therefore, Plaintiff states as follows:

### CERTIFICATION OF U.S.D.C.L.R. 7.1(b)(1)(A)  CONFERRAL

Plaintiff's counsel hereby certifies that pursuant with U.S.D.C.L.R Rule 7.1(b)(1)(A), the Plaintiff has conferred with Defendants on the following matter.  The Defendants object to this motion.

### INTRODUCTION

Defendant Bridgestone manufactured and sold an unreasonably dangerous and defective Bridgestone steer tire to Plaintiff for use on his semi-tractor trailer to drive on public highways. The steer tire was known by Defendant to be unfit for driving the Interstate speed limit of 80 miles per hour and Defendant provided the Plaintiff, Mr. Kehler, no instructions or warnings regarding that risk of failure. As a foreseeable consequence, the Bridgestone steer tire was operated at Interstate speeds above 75 miles per hour, and the tire failed, injuring Mr. Kehler and killing three people. At trial, Plaintiff's expert, Dennis Carlson, will testify that the Bridgestone steer tire is defective in both design and manufacture.

Mr. Carlson was as an expert in *Kumho Tire v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999), and his opinion was disqualified.  At trial, Plaintiff anticipates Defendants will attempt to explore issues related to the disqualification of Mr. Carlson's opinion in the *Kumho Tire* case.  Plaintiff requests this Court enter an Order prohibiting mention of the *Kumho Tire* case and/or other similar claims or allegations that involve improper impeachment cross-examination and are collateral, irrelevant and prejudicial.   Plaintiff also requests the Court

to prohibit Defendants from examining Mr. Carlson about employment issues relating to Michelin. Likewise, these issues are irrelevant and prejudicial.

## ARGUMENT

### A. The Court Should Prohibit any Mention of the *KUMHO TIRE Case.*

For evidence to be admissible, it must be relevant. Irrelevant evidence is not admissible. F.R.E. 402. In determining whether evidence is relevant, the court must consider whether it relates to a fact that is of consequence to the determination of the claim, and whether the evidence makes it more or less probable than it would be without the evidence. F.R.E. 401, *Glenn v. Union Pacific R. Co.*, 262 P.3d 177, ¶19 (2011) 2011 WY 126. "Generally speaking, '[t]he test of relevancy is one of reasonableness and common sense, liberally applied to favor admissibility rather than the exclusion of evidence.' " Id., citing *Foster v. State*, 2010 WY 8, ¶ 20, 224 P.3d 1, 8 (Wyo.2010) (quoting *Callen v. State*, 2008 WY 107, ¶ 17, 192 P.3d 137, 144 (Wyo.2008).

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. F.R.E. 403. Unfairly prejudicial evidence is evidence which will likely "stimulate an excessive emotion or ... awaken a fixed prejudice ... and thus dominate the mind of the [jury] and prevent a rational determination of the truth." *Glenn*, supra, ¶21, citing, *Furman v. Rural Elec. Co.*, 869 P.2d 136, 146 (Wyo.1994) (quoting 22 Wright & Graham, Federal Practice and Procedure: Evidence § 5215, at 278 (1978)). The *Glenn* Court recognized that they have

previously noted the importance of characterizing potential prejudice as "unfair" under Rule 403: "Rule 403 does not allow the exclusion of evidence simply because it is prejudicial. All of the evidence against appellant [is] 'prejudicial.' The evidence must be unfairly prejudicial before its prejudicial effect is weighed against its probative value." *Robinson v. State*, 716 P.2d 364, 367 n. 2 (Wyo.1986) (emphasis in original); see also *Pena v. State*, 792 P.2d 1352, 1355 (Wyo.1990) ("For the prejudice factor to come into play the [trial] court must conclude that it is unfair."); *Heinemann v. State*, 12 P.3d 692, 702 (Wyo.2000)

### 1. The Kumho Tire Case is Irrelevant and Unfairly Predjudicial

In the *Kumho Tire* case, the US Supreme Court determined that under the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 79, 113 S. Ct. 2786, 175 L. Ed. 2d 469 (1993), Mr. Carlson's testimony, as to the cause of the failure of the particular tire and issue in that case, did not meet the *Daubert* standard. The Court did not question Mr. Carlson's qualifications:

> The District Court did not doubt Carlson's qualifications, which included a Masters degree in mechanical engineering, 10 years work at Michelin America and testimony as a tire failure consultant in other tort cases.

526 U.S. 153, 154.

The question was not the reliability of Carlson's methodology in general, but whether he could reliably determine the cause of failure of the particular tire at issue in that case:

> The trial court had to decide whether this particular expert had sufficient specialized knowledge to assist the jurors in deciding the particular issues in the case.

526 U.S. 154

Nothing about the *Kumho* Tire case has any relevance to the present case. The facts of this case are different from the facts in *Kumho Tire* and more importantly, the tire was different than the tire in this case. Mr. Carlson has an extensive history testifying as a tire expert. See **Exhibit 1**, *Carlson Testimony history*.

In *Goss v. Permenter*, 827 So. 2d 285, 288 (Fla. 2002) the Appellate Court upheld the trial court's refusal to allow cross examination of an expert based upon the prior disqualification of his opinion. *Goss* involved a claim of medical malpractice where the Plaintiff's expert, a cardiologist explained that he had previously testified about many different areas of cardiology. Defendant's attorney attempted to elicit from the expert about whether, on a prior occasion, he had attempted to testify about an aspect of emergency room practice and was disqualified from testifying on that basis. The trial judge sustained plaintiffs' objection based on relevance. The Court found that, because the base involved the expert's testimony with respect to cardiology, the fact that he had been disqualified to give an opinion against an emergency room physician in another case was clearly "a collateral and irrelevant matter." 827 So. 2d 289.

Likewise, Mr. Carlson's opinion formed in a completely different case (*Kumho*), involving completely different facts, is a collateral and irrelevant matter. Not only would the *Kumho* issues be irrelevant pursuant to Fed. R. Evid. 401 and 402, but in addition, to allow such examination would violate Fed. R. Civ. Pro. Rule 403 since the examination would undoubtedly unfairly prejudice Plaintiff's right to a fair trial. Any reference to *Kumho Tire* would not be probative of any issue in this case, including Mr. Carlson's credibility. Therefore, Plaintiff

respectfully moves this Court to prohibit Defendants from mentioning or listening to any testimony concerning the *Kumho Tire* decision.

### 2. Dennis Carlson is Qualified as an Expert Witness

By questioning Mr. Carlson about the *Kumho Tire* case, Defendants may attempt to show Mr. Carlson is not qualified as an expert based on the disqualification of his opinion. Mr. Carlson is a licensed engineer. His qualifications to give his opinion are based upon his education, work experience in the tire industry and the experience in the area of forensic tire analysis. (See **Exhibit 2**, *Carlson CV*) He obtained a Bachelor of Mechanical Engineering (BME) at Georgia Institute of Technology in 1970. In 1978, he obtained a Master of Science Degree in Mechanical Engineering (MSME) at the Georgia Institute of Technology. His undergraduate work included courses in physics, engineering mechanics, statistics, dynamics, strength of materials, material science, computers, calculus, heal and fluid sciences, design of machine elements designed in experiments (testing) and design theory. His post graduate work included mathematics, kinematics, physics, engineering, system analysis and coursework in failure analysis. Failure analysis involves the study of the failure modes of components or systems.

Mechanical engineering is an applied science which employs principles of the physical sciences, mathematics and material sciences. It is frequently divided into categories of heat transfer, fluid flow, thermodynamics, machine design and material science. Mr. Carlson's emphasis at the graduate level was in machine design, including the disciplines of stress analysis, failure analysis, material science and systems analysis.

Mr. Carlson began his career in the position of research engineer for Michelin America's Research and Development.  He spent approximately 10 years as a research engineer with Michelin.  During that time, he obtained extensive experience in different aspects of tire testing.  His work included development of various test methods, training of testing machine operators and development of statistical analysis.  Tire testing included aspects of tire rolling resistance and cornering forces, as well as ozone machine testing.  Mr. Carlson spent four (4) years working in light truck and light truck tire design.  During that time, he participated in the development and the commencement of production of several light truck tires, as well as the XDA and XDL tires.  During his employment as research engineer at Michelin, he also spent approximately five (5) years in truck and light truck adherence and endurance testing at Michelin America's research test track.

While at Michelin, Mr. Carlson had experience in both cold and hot tire recapping (retreading) procedures.  He participated in the improvement of tire design, including the improvement of a tire's resistance to separation.  He spent approximately five (5) years involved in truck and light truck adherence and endurance testing, which included being in charge of tests which evaluated the separation resistance of tires.  The tire design and testing involved several types of testing generally divided into measurement testing and endurance testing.  Measurement testing involves the measurement of tire properties such as rolling resistance, cornering force, noise and adherence.  Endurance testing generally involves tire designing tests which causes a certain part of the tire to fail.  He was involved in both forms of testing, as well as evaluating tires returned from the field.  Beginning in November, 1987, he was employed as a senior project

engineer at SEA, Inc. and worked as a forensic consultant in claims and litigation matters including tire failure analysis, tire and pavement adherence characteristics and vehicular accident reconstruction, including the effect of tire failures on vehicle handling.

During the 10 years of employment at Michelin, Mr. Carlson had extensive experience in tire design testing and evaluation. Since leaving Michelin, he has worked on numerous cases dealing with issues of failed tires and their analysis. He has consulted with other experts in failed tire analysis and has read scores of depositions of other experts. While the opinions and conclusions as to the cause of a tire failure in a particular case may vary among experts, the methodology used by those experts with whom he has dealt with and talked to and those experts whose depositions he has read, is essentially the same.

Mr. Carlson's qualifications to provide opinions regarding the subject of tire failure analysis, including the issue of defect, is based upon all of the matters described above. Despite his qualifications, Defendants may attempt to question Mr. Carlson about the disqualification of his opinion in *Kumho Tire*.

### B. The Court Should Prohibit Defendants' Counsel from Examining Mr. Carlson About Employment Issues Relating to Michelin.

Plaintiff anticipates Defendants' counsel may attempt to cross examine Mr. Carlson regarding certain issues relating to his employment with Michelin. First, Plaintiff requests the Court issue an order prohibiting Defendants' counsel from examining Mr. Carlson regarding his alleged violation of a confidentiality order after leaving employment with Michelin. Not only were the circumstances of that issue in dispute, but clearly, nothing about that issue relates to Mr.

Carlson's work and the defect issues at issue in this lawsuit. It is improper to allow impeachment of an expert witness on issues that are not relevant and do not pertain to the truthfulness of the witness. See *Mason v. Texaco, Inc.* 948 F2d. 1546, 1555-56 (10th Cir. 1991).

Second, the Court should specifically instruct Defendants' counsel not to examine Mr. Carlson regarding a Michelin document which is titled "Termination Report" and includes comments about Mr. Carlson's job performance. There are serious doubts about the authenticity of this document. Mr. Carlson was never provided a copy of this document by Michelin. It only came to his attention years after he left Michelin when it was presented to him by a defense lawyer during the course of depositions. The alleged report is also inconsistent with the letter sent to Mr. Carlson by Michelin upon notice of his acceptance of employment opportunity with another company. (see **Exhibit 3**). The letter is dated October 30, 1987, and the comments that he has been a valued member of the MARC team and that his absence from the team will be felt are not consistent with the alleged report. The "Termination Report" document constitutes inadmissible hearsay. There is no foundation established in the authenticity of the document.

Defendant Bridgestone has attempted unsuccessfully to utilize this document in prior litigation arguing because Mr. Carlson has a copy of the document, it is admissible as to one of his business records. That argument was rejected because the document is, if anything, a Michelin document and must be established to be a Michelin business document. It would be highly prejudicial to allow Defendant Bridgestone to utilize this document at trial. As with the alleged confidentiality violation, the hearsay termination document has nothing to do with

truthfulness, nor any of the relevant issues in this case. Pursuant to Fed. R. Civ. Pro. 403 the document would be unfairly prejudicial to Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to issue its Order *in limine* instructing Defendants' counsel to refrain from discussing or eliciting testimony concerning *Kumho Tire* and any issues relating to Mr. Carlson's employment with Michelin expect for years of employment and the type of work he performed while he was employed at Michelin.

Dated this 18th day of November, 2016.

/s/ Diana Rhodes

Diana Rhodes, Esq.
Traci Rivinus, Esq.
THE RHODES LAW FIRM
2015 Warren Avenue
Cheyenne, Wyoming 82001
Phone (307) 634-4444

Sean J. Gamble, #41733
Richard H. Friedman, #30626
Ken Friedman,
Friedman/Rubin
51 University Street, Suite 201
Seattle, WA 98101
Telephone: 206.501.4446

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document was filed via CM/ECF and I served a true and correct copy of same upon the entity or entities named below via CM/ECF on this 18th day of November, 2016.

| | |
|---|---|
| Monty L. Barnett<br>Grant R. Curry<br>White and Steele, PC<br>600 Seventeenth Street, Ste. 600N<br>Denver, CO 80202<br>mbarnett@wsteele.com | Marc R. Brosseau<br>Chad M. Lieberman<br>Brosseau Bartlett Seserman, LLC<br>6455 S. Yosemite St., Ste. 750<br>Greenwood Village, CO 80111<br>mbrosseau@bbs-legal.com<br>clieberman@bbsj-legal.com |
| J. Kent Rutledge<br>Peter Howard<br>Lathrop & Rutledge, PC<br>1920 Thomes Ave., Ste. 500<br>PO Box 4068<br>Cheyenne, WY 82003-4068<br>krutledge@lr-law.org<br>phoward@lr-law.org | Colin P. Smith<br>Robert E. Tonn<br>Holland & Knight, LLP<br>131 S. Dearborn St., Ste. 3000<br>Chicago, IL 60603<br>robert.tonn@hklaw.com<br>colin.smith@hklaw.com |

/s/ Diana Rhodes
_____