J. Kent Rutledge, #5-1392
Corinne E. Rutledge, #5-2480
Peter F. Howard, #7-5325
LATHROP & RUTLEDGE, P.C.
1920 Thomes Ave., Suite 500
P.O. Box 4068
Cheyenne, WY 82003-4068

Marc R. Brosseau
Chad M. Lieberman
Brosseau Bartlett Seserman, LLC
6455 South Yosemite Street, Suite 750
Greenwood Village, CO 80111

Colin P. Smith
Robert E. Tonn
Holland & Knight
131 South Dearborn Street, Suite 3000
Chicago, IL 60603

*Attorneys for Defendant Bridgestone Americas Tire Operations, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **BRIAN KEHLER,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Civil Action No. 15-CV-127-J |
| **BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, COMMERCIAL TIRE, INC., AND JOHN DOE CORPORATIONS/ ENTITIES 1-3,** | ) ) ) ) ) |
| **Defendants.** | ) ) |

### BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC'S RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* REGARDING REFERENCE TO THE FAILURE OF THE SUBJECT TIRE WAS CAUSED BY ROAD HAZARD [DOC. 206]

Defendant Bridgestone Americas Tire Operations, LLC ("Bridgestone") responds as follows to Plaintiff's Motion *in Limine* to Exclude Reference to, Argument Related to, or Suggestion that the Failure of the Subject Tire was Caused by Road Hazard:

This is one of multiple motions *in limine* filed by Plaintiff that improperly ask the Court to resolve a disputed factual issue and remove it from the jury's consideration. Motions *in limine*, however, should not be used to resolve factual disputes or weigh evidence. *See*, *e.g.*, *Oracle USA, Inc. v. Rimini Street, Inc.*, 2015 WL 4172370 (D. Nev. 2015); *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844,846 (N.D. Ohio 2004); *Johnson v. Inland Steel Co.*, 140 F.R.D. 367,371 (N.D. Ill. 1992). This motion asks the Court to undertake just such an improper weighing of evidence to resolve a factual dispute and should be denied on that basis.

Plaintiff asserts in his motion that "there is no evidence of a road hazard in the tire itself." (Plaintiff's Motion, ¶ 5). Plaintiff similarly contends, "The subject tire, when examined, showed no road hazard." (*Id.*, ¶ 3). These statements are simply inaccurate. The tire at issue, in fact, shows multiple clear indications of damage from a road hazard impact injury. Bridgestone's tire expert has fully disclosed these facts and his conclusions based on them, which are supported by testing, general acceptance, and multiple published studies.

**1.      The Physical Evidence of Road Hazard Impact Damage**

Bridgestone's tire expert, Joseph Grant, identified clear forensic evidence of road hazard impact damage in the subject tire and in his expert report rendered a specific opinion on this subject (Exhibit A, Grant Report, pp. 5-7, 14). Grant also fully explained that opinion in his *Gooden/Cubillos* deposition (Grant Deposition, pp. 163-69), which Plaintiff's counsel have custody of and have listed as a trial exhibit in this case. Mr. Grant again explained that opinion in the

affidavit he submitted in response to Plaintiff's *Daubert* motion attacking his opinion on this same issue.[1]  [Doc 130-1, ¶¶ 52-58].

As Mr. Grant explains in his affidavit accompanying this response as Exhibit B, the tire shows multiple forensic indicators that are "diagnostic of a road hazard impact injury that is contributory to a tread/belt separation."  These include the following:

1) A localized separation between the number 2 and number 3 steel belts in the region from 9:30 - 12:45 (using the tire's DOT number to indicate 12:00);

2) Broken carcass cords on the opposite serial side in the area of that same localized separation;

3) Broken number 1 and number 2 steel belt cords similarly in the area of the localized separation;

4) A radial split through the tire carcass at 11:00;

5) Portions of all four steel belts missing in in this area, which is typical of an impact injury; and

6) An abrasion in the off-shoulder region on the opposition serial side, which is also in the area of the localized separation.

(Exh. B, Grant Affidavit, ¶ 8).  Mr. Grant further notes that these kinds of conditions are generally accepted to be indicators of a road hazard impact injury, and that basic tire texts such as the National Highway Traffic Safety Administration book <u>The Pneumatic Tire</u> and the Society of Automotive Engineers book <u>Tire Forensic Investigation</u>, authored by Giapponi, identify exactly such conditions.  (*Id*.).

---

[1] While Plaintiff does not fully explain his tactics, this motion is plainly an attempt to get a second bite at the same issue raised in his *Daubert* motion directed to Bridgestone tire expert Joseph Grant. [Doc 115].  Bridgestone incorporates its response to that motion here by reference. [*See* Doc. 130].

3

#48809393_v1

As Mr. Grant further explains in his affidavit, fundamental tire science and peer reviewed and published studies of testing confirm that road hazard impact damage, like that exhibited in the subject tire, causes tread/belt separation failures of tires. (*Id.*, ¶¶ 10-12). These same principles are also generally accepted and appear in a host of published tire science texts and articles. (*See id.*, ¶ 13).

**2.     The Fact that the Plaintiff Denies Any Road Hazard Damage is Immaterial**

Plaintiff appears to contend that there is some requirement that the factual, physical evidence Grant found in the tire must be corroborated by some other testimony or evidence pinpointing the specific impact occurrence. There is no authority that supports such an argument. Experts commonly testify to causative events based on the effects resulting from those events. Moreover, this argument is also unsupported by logic. The physical evidence presented by the tire itself stands on its own and tells the story of what the tire experienced.

The fact that Plaintiff Brian Kehler, as a driver of the CLR Freightliner tractor, may deny any awareness of striking any object in the roadway is also far from dispositive of this issue. First, the evidence shows that the tire was driven over 108,000 miles by the time of the accident and Kehler was not the only driver of the CLR tractor during that time period. Indeed, the evidence developed in this case shows that the tractor was driven at times not only by Kehler and his regular co-driver Steven Marks, but also by unknown and unidentified other CLR drivers and by the repair and maintenance entities that serviced the vehicle. (*See* Exhibit C, Kehler Deposition in *Gooden*, pp. 124-25, 245-46, 266; Exhibit D, Chris Rodwick Deposition in *Gooden*, pp. 42-43, 77-78). Put simply, the Plaintiff cannot account for the complete experience of the tires on the tractor such that a road hazard impact could ever be ruled out by driver testimony.

#48809393_v1

Moreover, the fact of the matter is that given the wide variety of circumstances encountered in driving vehicles, drivers rarely accurately and completely report their encounters with road hazard impacts. Even texts authored by plaintiffs' tire experts, and relied on by Plaintiff's tire expert Dennis Carlson, concede this point:

> The driver will almost certainly deny that the tire has ever been subjected to an impact. Probably he has forgotten all about it or perhaps he wasn't driving at the time, but impact fractures are easy to diagnose positively.

(*See*, R. Grogan, The Investigator's Guide to Tire Failures, p. 71(7), excerpt attached as Exhibit E).

Finally, even if the Plaintiff was able to martial evidence disclaiming any road hazard impact from every driver of the vehicle during the entire period of over 100,000 miles that the subject tire was driven, this would still be a disputed issue for the jury's consideration given the forensic evidence identified by Mr. Grant.

**3.   The Fact that Plaintiff's Tire Expert has Contrary Views on Road Hazard Impacts is Immaterial**

In his *Daubert* motion, Plaintiff contended that because his tire expert claims the subject tire does not exhibit impact damage, and because that expert performed a single flawed study purporting to conclude that impacts do not cause tread/belt separation tire failures, the trier of fact should not consider Mr. Grant's impact theory. Bridgestone will not restate here the arguments it made in response to that motion. It is enough to say that Grant's opinions on this issue are based on the physical evidence, published testing, general acceptance, and peer reviewed publications.  They easily meet the *Daubert* standard for consideration by the jury.

Even crediting Plaintiff's expert's theory more than it deserves, this is at best a disputed expert issue that must be resolved by the jury.  As the Federal Circuit has noted, "[w]hen ... the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the

correctness of facts underlying one expert's testimony." *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003).

## Conclusion

For the foregoing reasons, Plaintiff's motion should be denied.

Dated this 2nd day of December, 2016.

                Defendant Bridgestone Americas Tire Operations, LLC

                By:  /s/ Robert E. Tonn
                      Colin P. Smith
                      Robert E. Tonn
                      HOLLAND & KNIGHT, LLP
                      131 S. Dearborn Street, 30th Floor
                      Chicago, IL  60603
                      colin.smith@hklaw.com
                      robert.tonn@hklaw.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was served via CM/ECF on this 2nd day of December, 2016 upon the following parties:

Diana Rhodes
Traci Rivinus
The Rhodes Law Firm
2015 Warren Ave.
Cheyenne, WY 82001
Phone:  (307) 634-4444
Fax:  (307) 222-0280
Email: diana@drhodeslaw.com
         traci@drhodeslaw.com

Richard Friedman
Ken Friedman
Sean Gamble
Friedman/Rubin
51 University Street, Suite 201
Seattle, WA  98101
Phone:  (206) 501-4446
Fax:  (206) 623-0794
Email: rfriedman@friedmanrubin.com
         kfriedman@friedmanrubin.com
         sgamble@friedmanrubin.com

*Attorneys for Plaintiff*

Monty Barnett
Grant Curry
White & Steele, P.C.
Dominion Towers, North Tower
600 17th Street, Suite 600N
Denver, CO  80202
Phone:  (303) 296-2828
Fax:  (303) 296-3131
Email: mbarnett@wsteele.com
         gcurry@wsteele.com

*Attorneys for Defendant Commercial Tire, Inc.*

/s/ Robert E. Tonn

#48809393_v1