Diana Rhodes, #5-2734
Traci Rivinus, #6-3920
Rhodes Law Firm, LLC
2015 Warren Avenue
Cheyenne, WY 82001
Telephone: 307.634.4444
diana@drhodeslaw.com
traci@drhodeslaw.com

Sean J. Gamble, #41733
Richard H. Friedman, #30626
Ken Friedman, #17148
Friedman|Rubin
51 University Street, Suite 201
Seattle, WA 98101
Telephone: 206.501.4446
sgamble@friedmanrubin.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **BRIAN KEHLER** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case Number 15-CV-127-J** |
| ) | |
| **BRIDGESTONE AMERICAS TIRE** ) | |
| **OPERATIONS, LLC, COMMERCIAL** ) | |
| **TIRE, INC., and JOHN DOE** ) | |
| **CORPORATIONS/ENTITIES 1-3** ) | |
| ) | |
| **Defendants.** ) | |

### PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSES TO PLAINTIFFS MOTION *IN LIMINE* REGARDING REFERENCE TO FAILURE OF SUBJECT TIRE WAS CAUSED BY ROAD HAZARD

Plaintiff, Brian Kehler, by and through his attorneys of record, hereby files his Reply to the Responses to Plaintiff's Motion *in Limine* Regarding Reference to Failure of Subject Tire was

Caused by Road Hazard filed by Defendants Commercial Tire, Inc. and Bridgestone Americas Tire Operations, LLC. In support thereof, Plaintiff states:

### DEFENDANTS' "INDICATORS" OF ROAD HAZARD ARE SPECULATION

Facts matter. They may not matter in politics, but they matter in the law. There is no evidence whatsoever of a road hazard in this case. Defendants cannot change that fact. Defendants offer no evidence to support road hazard occurred - ever - and they should not be allowed to create mythical evidence to confuse and mislead a jury as to causation. The Court should not allow such testimony to go to the jury, based on pure speculation. Such evidence is not relevant and is unfairly prejudicial to the Plaintiff.

A party is not allowed to offer purely speculative evidence to a jury. But "[t]o support a jury verdict, evidence must be based on more than mere speculation, conjecture, or surmise" *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.1999), *Kirkbride v. Terex USA, LLC*, 798 F.3d 1343, 1351 (10th Cir. 2015), cert. denied, 137 S. Ct. 38 (2016). Although factually different from this case, in *Wickman v. Henderson*, 19 F. App'x 740, 743–44 (10th Cir. 2001), the 10th Circuit found:

> Here, plaintiff put no facts into evidence. The jury's determination "could only have been based on speculation and conjecture, an impermissible ground upon which to base its verdict." *Bankers Trust Co. v. Lee Keeling & Assocs., Inc.*, 20 F.3d 1092, 1101 (10th Cir.1994). "[T]he jury was left to rely[ ] more on speculation than evidence and reasonable inference. Each *744 inference argued ... was not only speculative in itself, but it rested upon predicate speculation, thus compounding the error." *Sunward Corp.*, 811 F.2d at 519.

Since there is no factual evidence of a road hazard causing the tire to fail, Defendants invite the jury to speculate, an impermissible ground upon which to base its verdict. Defendants'

argument raises questions of the credibility of the evidence, or "indicators" that the subject tire was subjected to some mythical road hazard. The Defendants criticize the scientific and unbiased studies of Dennis Carlson, calling his studies "flawed". Ironically, Defendants' expert Grant bases his opinions on testing that was conducted at the request of the tire industry, paid for by the tire industry, and performed by employees of the tire industry, for the purpose of defeating lawsuits such as this. Defendants' expert Grant, a frequent and well-known expert for the tire industry, relies on the tire industry studies that purportedly confirm road hazard impact damage causes tread belt separation failures of tires to support his opinions. His opinions are based on unscientific principles and are for no other purpose than to convince a jury and the Court that these supposed scientific studies are valid, although not based on unbiased scientific studies.

The Defendants' Response offers no evidence or fact to support the theory of a road hazard. They need and want a jury to believe there was some mythical road hazard, to avoid responsibility for a faulty tire. The Defendants attempt to explain away why such testimony is not speculative, why it is scientifically based, and in essence, are attempting to convince the jury and the Court that "something must have happened," because it cannot be the fault of Bridgestone. This Court should not allow speculative and unscientific testimony, not based on any facts or evidence to support such testimony, to be heard by the jury.

In a Court of law, facts matter. Testimony must be based on more than speculation. Bridgestone argues there must have been a road hazard, when there is no evidence or facts to support the contention. The Defendants should not be allowed to offer testimony that is not based on evidence or facts.

## CONCLUSION

There is no evidence of a road hazard and any testimony regarding road hazards is pure speculation. It is meant to avoid responsibility and confuse and mislead the jury. Such evidence is not relevant and is unfairly prejudicial to the Plaintiff as it causes undue delay in trial and confuses and misleads the jury. For these reasons, Plaintiff's Plaintiffs Motion *In Limine* Regarding Reference To Failure Of Subject Tire Was Caused By Road Hazard should be granted.

Dated this 9th day of December, 2016.

/s/  Diana Rhodes
_____
Diana Rhodes, Esq.
Traci Rivinus, Esq.
THE RHODES LAW FIRM
2015 Warren Avenue
Cheyenne, Wyoming 82001
Phone (307) 634-4444

Sean J. Gamble, #41733
Richard H. Friedman, #30626
Ken Friedman,
Friedman/Rubin
51 University Street, Suite 201
Seattle, WA 98101
Telephone: 206.501.4446

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document was filed via CM/ECF and I served a true and correct copy of same upon the entity or entities named below via CM/ECF on this 9th day of December, 2016.

Monty L. Barnett
Grant R. Curry
White and Steele, PC
600 Seventeenth Street, Ste. 600N
Denver, CO 80202
mbarnett@wsteele.com

J. Kent Rutledge
Peter Howard
Lathrop & Rutledge, PC
1920 Thomes Ave., Ste. 500
PO Box 4068
Cheyenne, WY 82003-4068
krutledge@lr-law.org
phoward@lr-law.org

Marc R. Brosseau
Chad M. Lieberman
Brosseau Bartlett Seserman, LLC
6455 S. Yosemite St., Ste. 750
Greenwood Village, CO 80111
mbrosseau@bbs-legal.com
clieberman@bbsj-legal.com

Colin P. Smith
Robert E. Tonn
Holland & Knight, LLP
131 S. Dearborn St., Ste. 3000
Chicago, IL 60603
robert.tonn@hklaw.com
colin.smith@hklaw.com

*/s/ Jenna Rhodes*